1
2
3
4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANET TAPIA,

    Plaintiff,

v.

SAN FRANCISCO PUBLIC LIBRARY, public entity, SAN FRANCISCO SPECIAL POLICE, entity, TWO JOHN DOES SAN FRANCISCO SPECIAL POLICE SECURITY GUARDS, individuals, SAN FRANCISCO PUBLIC LIBRARY EMPLOYEE JOHN DOE, an individual, and DOES 1–100,

    Defendants.

No. C 18-05492 WHA

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action for disability discrimination, defendant moves for summary judgment on plaintiff's claims. For the following reasons, defendant's motion is **GRANTED**.

## STATEMENT

In December 2016, Ramon Hernandez, a librarian at the Mission Branch Library in San Francisco, suspended plaintiff Janet Tapia from all San Francisco libraries for ninety days. The parties dispute some of the events leading up to the suspension but agree on others. According to defendant City and County of San Francisco, plaintiff had a history of harassing other patrons. Plaintiff claims that she had experienced "countless episodes of discrimination" and harassment by library employees, including Hernandez (Hernandez Decl. ¶ 3; Tapia Decl. ¶¶ 1–4).

According to defendant, on the day of the suspension plaintiff raised her voice at a library patron using a copy machine and told her to hurry up. Plaintiff claims that she (plaintiff)

never yelled but did inform the patron that she was waiting for the printer. The parties agree that the patron then asked Hernandez for help using the copier and Hernandez assured her that he would help her but to take her time. Plaintiff claims that Hernandez also told the patron that plaintiff's "rights don't matter" (Hernandez Decl. ¶ 2; Tapia Decl. ¶¶ 6–7).

Hernandez says that he told plaintiff that she could not harass other library patrons, in response to which plaintiff became argumentative and raised her voice. Although Hernandez informed plaintiff that she would be asked to leave if she continued to yell and argue, plaintiff remained confrontational and continued to yell and cause a disturbance. Hernandez thereafter informed plaintiff that she would be suspended from the library for the rest of the day for causing a disturbance and harassing patrons and staff. He further informed her that her failure to leave by the time security arrived would result in a ninety-day suspension from the library. Plaintiff did not leave. She instead argued with security and did not follow their directions. Hernandez states that plaintiff's suspension stemmed solely from violating the San Francisco Public Library Patron Code of Conduct and any disability she may have was not a factor (Hernandez Decl. ¶¶ 3–9, Exh. A).

In plaintiff's version of events, Hernandez asked her to leave even though she had done nothing wrong. Plaintiff then quietly waited for security to arrive because she had previously been the subject of harassment by library employees. When security did arrive, she disagreed she had been disruptive and demanded the guards' names. Plaintiff further claims that at the time of the incident she was visibly disabled and that she informed Hernandez of her disability (Tapia Decl. ¶¶ 7–13).

Plaintiff filed this action in state court in January 2018, bringing claims under the Americans with Disabilities Act, California's Unruh Civil Rights Act, and Section 11135 of the California Government Code. Defendant removed the action to this district in September 2018. At the January 2019 initial case management conference, the undersigned invited the parties to bring early motions for summary judgment. That same month, defendant filed the instant motion for summary judgment on all three of plaintiff's claims (Dkt. Nos. 1, 21, 23).

This order follows full briefing and oral argument. At oral argument on March 21, 2019, plaintiff claimed that she had not been properly served with defendant's motion for summary judgment. She acknowledged, however, that she had ultimately received a copy of the motion and had timely filed an opposition. Nevertheless, out of an abundance of caution, plaintiff received an additional two weeks to file a supplemental opposition to the motion. Having received plaintiff's supplemental opposition (Dkt. No. 33), this order rules as follows.

**ANALYSIS**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." FRCP 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

1. **AMERICANS WITH DISABILITIES ACT.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The elements of a cause of action under Title II are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Here, plaintiff has failed to show a disputed material issue with respect to the fourth element.

Plaintiff challenges much of defendant's evidence. Nevertheless, even taking her evidence as true and drawing all reasonable inferences in her favor, plaintiff presents the following version of events. After plaintiff informed another library patron that she was waiting for the printer, the patron asked Hernandez to intervene. Although Hernandez informed plaintiff that she needed to leave for the day and that her failure to do so by the time security arrived would result in a ninety-day suspension from the library, plaintiff elected to wait for security. When security did arrive, plaintiff disagreed that she had been disruptive and demanded the guards' names. Plaintiff's "notice of suspension of library privileges" states that she violated the San Francisco Public Library Code of Conduct through (1) "abuse-harassment," (2) "refusing to leave," and (3) "disturbance." It is undisputed that plaintiff refused to leave the library when asked to do so and plaintiff presents no evidence suggesting that Hernandez suspended her due to her alleged disability.

Plaintiff has accordingly failed to raise a genuine dispute of material fact as to whether defendant discriminated against her on the basis of a disability. Defendant's motion for summary judgment on plaintiff's ADA claim is **GRANTED**.

**2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT.**

Section 51(b) of the California Civil Code provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

In order to establish a violation of the Unruh Act, a plaintiff "must plead and prove intentional discrimination in public accommodations." *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991). As noted above, plaintiff has failed to raise a triable issue as to whether defendant intentionally discriminated against her on the basis of disability. And, while a violation of the ADA also constitutes a violation of the Unruh Act, *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 846–47 (9th Cir. 2004), to the extent plaintiff's Unruh Act claim is premised on a violation of the ADA, it fails for the same reason that

4

plaintiff's ADA claim fails.  Defendant's motion for summary judgment on plaintiff's Unruh Act claim is accordingly **GRANTED**.

### 3. SECTION 11135 OF THE CALIFORNIA GOVERNMENT CODE.

Section 11135 of the California Government Code provides:

> (a) No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.
>
> (b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

As set forth above, plaintiff has failed to raise a triable issue on her claim that defendant violated the ADA or discriminated against plaintiff based on her disability. Defendant's motion for summary judgment on plaintiff's Section 11135 claim is accordingly **GRANTED**.

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment is **GRANTED**. Plaintiff's generalized objections to "all of defendant's evidence" is **OVERRULED**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: April 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE